## Case No. 11,040.

### In re PETRIE et al.

[5 Ben. 110;[1] 7 N. B. R. 332.]

District Court, S. D. New York. May, 1871.

BANKRUPTCY—RIGHT OF BANK TO APPLY BALANCE ON MATURED PAPER OF BANKRUPT.

P. & Co. had an account with a bank, on which there was due to P. & Co. a balance of $395 41, ·deposited by P. & Co. without any knowledge on the part of the bank of their insolvency, when a draft on P. & Co. for $3,500, owned by the bank, fell due and was protested for non-payment, P. & Co. having failed five days before. The bank applied the balance towards the payment of the draft. Bankruptcy proceedings were commenced against P & Co. · nearly a month afterwards. The assignee and the bank submitted to the court the question of their respective rights to the balance: *Held*, that the bank had a right to retain the balance, as against the assignee.

[We, William H. Guion, assignee of the estate of the bankrupts above named, and the Central National Bank of the city of New York, creditors of said bankrupts, being parties concerned in the above-entitled bankruptcy proceedings, hereby consent and agree to submit and state the questions contained in the special case hereto annexed for the opinion of the court thereon. And we agree that upon the questions raised by such special case being finally decided, that the amount in dispute, namely, $395 41, shall be paid by said bank to said assignee, or shall be returned by said bank on account of their debt as the court shall direct, without costs. And we agree that the judgment of the court on said questions shall be final.][2]

Wm. A. Guion,
Assignee of Petrie & Co.
Wm. A. Wheelock,
President Central Nat. Bank.

This was a case submitted to the court by the assignee in bankruptcy of George H. Petrie & Co., and the Central National Bank, as follows:

On . February 14th, 1870, the Central National Bank were the owners of a draft for $3,500, drawn by the Beaver Brook Manu-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 7 N. B. R. 332.]

facturing Company, on, and accepted by, Petrie & Co., the bankrupts herein, and which matured on the last mentioned day, and was protested for non-payment.

At and previously to the time of such protest, the firm of Petrie & Co., the bankrupts, had an account with said bank, in which said firm had been in the habit of depositing moneys, from time to time, and drawing against the same. At the date of maturity of said draft there remained a balance due to said firm of Petrie & Co., on said deposit account, of $395 41, which was so deposited on or previously to February 5th, 1870, in the regular course of business, and without said bank having knowledge or notice of the insolvency of said Petrie & Co. Petrie & Co. failed four days afterwards, namely, on February 9th, 1870.

At the maturity and protest of the draft, the bank applied the amount of the deposit towards the payment of the draft.

Nearly a month afterwards, and on March 12th, 1870, bankruptcy proceedings were commenced against Petrie & Co.

The bank claimed that, under section 20 of the bankruptcy act, the draft and deposit were mutual debts, and that they had a right to set off one against the other, thereby reducing the amount of the draft to $3,104 59.

The assignee claimed that the funds, deposited as aforesaid, belonged to the estate of the •bankrupts; that, in respect to the same, the bank were acting as trustees; that they had no right to set off any part of their debt against the same; and that he, as such assignee, acquired an absolute title to the same, under section 14 of said act. He also claimed that, to allow said bank to hold said funds, would be a violation of the second clause of section 35 of said act, and would be giving them a preference over other creditors.

The questions to be determined were as follows:

First—Had the bank a right to set off the amount of said draft of $3,500, against the said deposit of $395 41, thereby reducing the amount of said draft to $3,104 59?

Second—Should the bank pay over to said assignee the amount of said deposit?

BLATCHFORD, District Judge. As the opinion and judgment of the court on the questions stated in the foregoing special case, the first question above stated is answered in the affirmative, and the second question above stated is answered in the negative.